Macdonald, D. Lloyd, J.
Before the Court is the application of J.G. Wentworth Originations, LLC (“Wentworth”) for the Court to approve the transfer of certain interests that the plaintiff Ashley Derochea (“Ashley”) has in the structured settlement pursuant to which the instant matter was concluded. The application is required by G.L.c. 231C, §2. This is the third such application to come before this Court. (As detailed below, two applications were filed in the Fall River District Court and approved there before any applications came to this Court.) The disposition of the earlier applications in this Court was recorded in the Court’s memorandum and order dated June 9, 2010 (Paper #17).
This Court approved the underlying settlement on March 16, 2006. See endorsement on the motion papers for the approval of the same (Paper #4). The case arose from severe burns that Ashley sustained as a result of molten metal igniting a jacket she was wearing while using a blowtorch in the course of an automotive class at the defendant vocational school. Pursuant to the settlement, an immediate $20,000 cash payment was made to Ashley’s parents on her behalf, $90,000 was paid to her attorney, and the remaining payments to Ashley were to be structured as follows:
$25,000 on May 30, 2010
$50,000 ón May 30, 2014
$75,000 on May 30, 2019, and
$161,000 on May 30, 2024.
As noted above, there were two previous assignments of Ashley’s interest in the structured settlement that were filed in and approved by the Fall River District Court.
The first occurred on May 28, 2009. At that time, Ashley assigned to Settlement Funding, LLC, d/b/a Peachtree Settlement Funding (“Peachtree”) $10,000 of the $25,000 due to her on May 30, 2010 and the entirely of her $50,000 payment due her as of May 30, 2014. In return for her $60,000 interest in the structured settlement, Ashley received $27,711 from Peachtree.
The second assignment occurred on August 27, 2009. In that instance, Ashley assigned to Peachtree the remaining $10,000 of her May 30, 2010 entitlement and $15,000 of her May 30, 2019 entitlement. For the assignment of this $25,000 interest Ashley received $15,242.
In the present application, Ashley seeks to assign the balance ($60,000) of her May 30, 2019 entitlement to Wentworth for $19,800.
Wentworth’s application complies with the disclosure requirements of G.L. 231C, §2. Inter alia, Ashley was informed prior to executing the assignment’s “Purchase Contract” that the assignment’s present value calculated (discounted) at the current federal interest rate of 1.40% is $53,963.32. Ashley was further informed that the discount rate applied by Went-worth resulting in the proposed cash payment of $19,800 is 15.64%. Thus, Ashley was informed that by the proposed assignment she would receive $34,163.32 less than she would have received if the present value calculation was made at the federal discount rate.
A hearing was held this date. Ashley was sworn and responded to the Court’s questions, and counsel for Wentworth also posed questions to her. In substance, Ashley stated that she understood the basis on which Wentworth had calculated the purchase price of her assignment, she did so without the need of an attorney or financial adviser and that she needed the money to purchase a car in order to facilitate the completion of her degree program at Massasoit Community College (she needs only six credits to graduate) and her entry into an adult career.
Ashley’s mother, the plaintiff Lynn Derochea, who pursuant to the procedural order dated June 9, 2010 (Paper # 17) is on the mandatory notice list for all filings in the case, filed an objection to the application (Paper #22). In it Ashley’s mother stated that she did not “feel that [Ashley] is capable at this point to make an informed, intelligent, decision regarding her money,” noting the tragic 2010 death of Ashley’s five-month-old daughter and Ashley’s recent psychiatric hospitalization. Ashley’s mother also noted that Ashley had been *312 held in the Bristol County House of Correction for three weeks in December 2011 in connection with a probation violation. (Ashley confirmed that she was on probation in connection with a receiving stolen property case and that she had been violated. Ashley further indicated that her court appearance on that violation was the reason she did not appear on December 8, 2011 when the instant application by Went-worth was originally marked up for a hearing.)
Under G.L. 231C, §2(a)(3) the burden is on Ashley to establish that the proposed transfer is in her “best interests.” Further, under §2(a)(7) the Court must make an independent determination that the amount is “fair, just and reasonable.”
The Court denies Wentworth’s application for two separate reasons.
First, the proposed assignment is not in Ashley’s best interest. While the Court was impressed with Ashley’s apparent maturity and articulateness, she is still a very young woman. Further, she appears to remain in a fragile state. The latter is perfectly understandable in the wake of her child’s death and other circumstances that led last summer to her hospitalization for what Ashley herself described as “severe depression.” Ashley’s confidence as to the constructive use that she would make of the cash payment from Wentworth is not borne out by the apparent record of her having squandered the payments previously received from Wentworth’s predecessors in interest. Finally, the Court is troubled that Ashley chose not to get independent advice from an attorney or financial advisor. Ashley’s testimony that there was no need to seek such advice due to her complete understanding of the methodology of Wentworth’s proposed payment is not credible. The discipline of discounting future interests to present value is inherently complex. For Ashley to rely exclusively on explanations from Went-worth as to the same is naive and profoundly unwise.
The second reason that the Court rejects the settlement is that it is neither fair, nor just nor reasonable. In this era of historically low interest rates, a 16% discount rate for determining present value borders on the unconscionable. This is especially so where, as here, the company standing behind the disbursements of the settlement funds is as substantial as Mass Mutual.
Informing both of the Court’s conclusions above is the Court’s judicial notice of the underlying policy interest behind juvenile claimants’ structured settlements and behind the protective provisions of G.L.c. 231C, §2. Payments are postponed over time in order that the young beneficiaries may get access to the proceeds of their settlements only as they progressively mature.
The Court denies this application without prejudice to future applications, but the Court will evaluate such applications by employing standards similar to those referenced herein
ORDER
Wentworth’s application for approval of the transfer is DENIED. The application is DISMISSED.
All prior orders of the Court with regard to transfers of interests in the structured settlement funds remain in effect. Such orders include the order of April 2,2010 that no further application be made in connection with Ashley’s structured settlement rights “in any court other than this court, the Superior Court of Bristol County.” Violation of this order by Ashley, Wentworth, Settlement Funding, Seneca One or any person or entity acting directly or indirectly on any of their behalf shall be sanctioned as a contempt of court.
Lynn Derochea shall continue on the mandatory notice list to receive copies of all future filings by the parties and of orders of the Court. Her address is 18 Bryant Avenue, Brockton, MA 02301.
: The undersigned justice retains jurisdiction in connection with any matter relating to Ashley’s structured settlement rights.